COMMONWEALTH *vs.* JOHN W. JONES & others.

Suffolk.    Nov. 26. — Dec. 4, 1883.    C. ALLEN & HOLMES, JJ., absent.

If two persons are jointly indicted for larceny, and one of them pleads guilty, the other cannot be convicted without proof of joint action with the former in the larceny of which he has pleaded guilty.

A., B., and C. were jointly indicted for larceny. At the trial there was evidence that, after their arrest, A. and B. were placed in adjoining cells; and thereupon A. said to B., "What did you tell the old man" (meaning the owner of the stolen property) "about me?" B. replied, "I told him nothing;" and A. then said, "I guess C. has given us away." B. pleaded guilty, and C. was acquitted. *Held,* that this was not sufficient evidence of any joint action of A. with B.

INDICTMENT, in four counts, each charging John W. Jones, Anton Meroth, and Herman Stencil with the larceny of certain goods, the property of Francis A. Strater, at a time and place named. The counts were alike, except as to the times alleged.

At the trial in the Superior Court, before *Rockwell,* J., the defendant Meroth, before the trial of the other defendants, pleaded guilty. All the evidence offered by the government tended to show the larceny of some of the articles named in the indictment, at separate times, and by the other defendants severally, without joint action with each other or with Meroth, except as follows: After their arrest, Meroth and Jones were placed in adjoining cells; and thereupon Jones said to Meroth, "What did you tell the old man" (meaning Francis A. Strater, named in the indictment) "about me?" Meroth replied, "I told him nothing;" and Jones said, "I guess Stencil" (meaning the defendant Stencil) "has given us away."

The defendants offered no evidence, and asked the judge to rule, that, upon the evidence, neither could be convicted; that the plea of guilty by Meroth exhausted the indictment; that, upon the evidence, there was no direct connection or joint action by either Jones or Stencil with Meroth; and that neither could be convicted without proof of such joint action.

The judge refused to rule as requested; but ruled that, upon the evidence, if the jury should be satisfied of its truth, either defendant could be convicted on any count of the indictment to which the evidence applied.

The jury returned a verdict of guilty as to Jones, and not guilty as to Stencil; and Jones alleged exceptions.

*M. H. Swett,* for the defendant Jones.

*H. N. Shepard,* Assistant Attorney General, (*E. J. Sherman,* Attorney General, with him,) for the Commonwealth.

BY THE COURT. The defendants Jones and Meroth could not legally be convicted, under the same indictment, of separate and independent offences. Meroth having pleaded guilty, Jones could not be convicted except upon proof that he was a joint actor with Meroth in the larceny of which the latter was convicted.

There is not sufficient evidence of this fact. The evidence of the government tended to show separate larcenies by Jones and Meroth, at separate times, without joint action with each other. The only evidence of any joint action was a conversation between Jones and Meroth, stated in the bill of exceptions. This conversation is equally consistent with the hypothesis that they had committed separate larcenies, known to each other and to Stencil, as with the theory that they had committed a joint larceny. It cannot fairly be said to prove the latter beyond a reasonable doubt.

The exception taken by Jones is important, because this conviction would not be a bar to another indictment against him for a separate larceny.                              *Exceptions sustained.*